794 P.2d 287

STATE of Idaho, Plaintiff–Respondent,

v.

Roy Claire RUPP, Defendant–Appellant.

No. 17681.

Court of Appeals of Idaho.

June 4, 1990.

Petition for Review Denied
July 31, 1990.

Robert E. Kinney, Orofino, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent. James E. Leuenberger, argued.

WALTERS, Chief Judge.

In this case we are asked to determine whether the trial court properly allowed evidence of Roy Rupp's character to be admitted during his trial for aiding and abetting the delivery of a controlled substance (methamphetamine). I.C. § 37–2732. Rupp argues that a question posed during direct examination of his wife did not "open the door" to admission of rebuttal evidence concerning his character. Rupp also maintains that he was denied a fair trial due to inappropriate conduct by the prosecuting attorney and that the court erred in allowing evidence of past but unproven crimes into evidence both during the trial and during sentencing. Because we conclude the trial court's decision to admit evidence of Rupp's character—at trial—was reversible error, we set aside the judgment of conviction and remand the case for a new trial. In light of our conclusion, we deem it unnecessary to decide the merits of Rupp's other arguments.

The facts leading to Rupp's arrest were disputed at trial. The state presented evidence that two confidential informants for the Latah County Sheriff's Department entered a Troy, Idaho, tavern and asked the bartender if any methamphetamine could be purchased. The bartender indicated that methamphetamine was available and that he could arrange for a purchase. The bartender then went to talk to a bar patron for a few minutes and returned to tell the informants that a delivery could be arranged if they returned in a couple of hours. The bar patron was Roy Rupp. The informants left the tavern.

After an hour and a half the informants returned. The bartender indicated the transaction would not take place for another half-hour. In the meantime, the police had placed the tavern under surveillance. The police observed Rupp arrive with his wife twenty minutes after the informants had returned. A sheriff's deputy saw Rupp reach down into a small bag inside Rupp's car before exiting the vehicle.

Rupp proceeded directly to a washroom in the rear of the tavern. Rupp stayed in the washroom for approximately ten seconds. When Rupp left the washroom, he spoke with the bartender and then joined his wife at a table in the tavern. The bartender then indicated for one of the informants to follow him into the washroom. After entering the washroom, the bartender removed a roll of paper towels from the holder. The bartender extracted a plastic bag containing methamphetamine from inside the roll of paper towels and delivered it to the informants. Rupp was charged with delivery of a controlled substance as a result of this transaction.[1]

At his trial, Rupp disputed that he was involved at all with a drug transaction. He testified that he had gone to the tavern, as was sometimes his custom, after work on May 13, 1987. When he arrived, he observed the bartender and another person attempting to repair the water heater. Since he had experience with electrical repairs, he assisted the men with the repair and informed them that he would return later in the evening to check and make sure the water heater was working. Rupp stated that when he returned, he entered the tavern, went into the washroom, turned on the hot water tap to determine if the water heater worked, then left the washroom to join his wife in the bar. Rupp denied placing methamphetamine inside the roll of paper towels.

After a jury trial, Rupp was convicted of aiding and abetting the delivery of a controlled substance. The court sentenced Rupp to ten years with a minimum period of confinement of five years.

Rupp avers that he was denied a fair trial. Particularly, Rupp contends that the prosecutor impassioned the jury with inadmissible and inflammatory statements, depriving Rupp of his constitutional right to due process and a fair trial. While we do not condone some of the questionable conduct by the prosecutor in this case, we need not reach the constitutional claims asserted by Rupp. Instead, we hold that the court committed error in permitting the state to present evidence of Rupp's character. We reverse on that basis and remand the case for a new trial.

■ Our ruling is predicated upon the following events. During direct examination of Rupp's wife this exchange occurred:

Q. Now, in your occupation are you—your occupation being in the Housekeeping Department at the Best Western, is it your business to tidy things up and—

A. Yes.

Q. Do you—are you familiar with your own home and the contents of most of your drawers?

A. Yes.

Q. Would you say you're very familiar with your home?

A. Very.

Q. And have you ever seen methamphetamine, cocaine, any controlled substance or any drugs in your home?

A. No.

Q. And to your knowledge has any—has Roy Rupp ever had any type of drug in your home?

A. No.

Later, by way of rebuttal testimony, the prosecutor sought to introduce evidence indicating that Rupp had a reputation as a drug dealer. Rupp objected to this testimony. The trial judge overruled the objection on the ground that Rupp had opened a "Pandora's box" with the last question—above quoted—asked of his wife during cross-examination—to disclose whether Rupp was the person who had brought the methamphetamine into the tavern.

---

1. The bartender also was arrested for delivery of a controlled substance. He pled guilty to the charge. When he was called as a witness for the defense at Rupp's trial, he refused—on

direct examination. The judge ruled that reputation and opinion evidence was admissible. We disagree.

■ Character evidence ordinarily is inadmissible for the purpose of showing that an individual acted in conformity therewith on any particular occasion. I.R.E. 404(a). However, a defendant may offer evidence of a character trait, provided the prosecution is afforded an opportunity to rebut the same. I.R.E. 404(a)(1). Rupp argues that the court abused its discretion in allowing the state to submit evidence of Rupp's character after applying the two-part balancing test outlined by this court in *State v. Winkler*, 112 Idaho 917, 736 P.2d 1371 (Ct.App.1987). *See also State v. Roach*, 109 Idaho 973, 712 P.2d 674 (Ct.App.1985).² However, it is unnecessary for us to determine whether the factors were given proper weight under the *Winkler* analysis because we conclude that Rupp did not put his character in issue. While we would defer to the trial court's discretion in making the *Winkler* analysis, the determination of whether testimony falls under the classification of character evidence is a question of law. Accordingly, we exercise free review. *See e.g., State v. Boehner*, 114 Idaho 311, 756 P.2d 1075 (Ct.App.1988).

As stated, Idaho Rule of Evidence 404 requires the defense to "open the door" regarding evidence of good character of the accused before the state can counter with any evidence regarding the defendant's bad character. It is elementary that evidence of specific acts offered for a purpose *other* than to prove a character trait is not affected by the rules pertaining to the admission of character evidence. Bell, *Handbook of Evidence for the Idaho Lawyer*, at 202 (3rd Ed.1987). Such is the case here. Counsel's question of Mrs. Rupp, which was deemed by the trial judge to have put the defendant's character in issue, merely elicited whether the witness had ever known her husband to have possessed drugs in their home. While this inquiry

may have implied that Rupp possessed a character trait of temperance, the thrust of the question focused upon the witness' awareness of the presence of drugs in the residence she shared with her husband.

■ Furthermore, a defendant may prove good character only by reputation and opinion testimony. Proof of good character by specific conduct is generally impermissible. *State v. Lawrence*, 112 Idaho 149, 730 P.2d 1069 (Ct.App.1986). The trial judge correctly pointed out that the wife's testimony could be impeached and the prosecutor availed himself of the opportunity to cross examine Mrs. Rupp on that point. However, in light of the fact that the testimony elicited from the witness pertained to the witness' knowledge of Rupp's specific conduct and the general prohibition against using specific acts to show character, we conclude that the examination of Mrs. Rupp did not open the door to evidence of Rupp's reputation in the community. *See generally*, Annot., *Admissibility of Evidence of Pertinent Trait under Rule 404(a) of the Uniform Rules of Evidence*, 56 A.L.R.4th 402, § 8[d] at 434 (1987); 29 AM.JUR.2d *Evidence* § 340 at 389–90 (1967). Thus, we hold the trial court erred in admitting rebuttal evidence concerning Rupp's reputation.

■ Next, we must determine whether the admission of this evidence constituted reversible error warranting a new trial.

An error may be deemed harmless if it does not affect a substantial right of the accused. I.C.R. 52. The determination of whether a substantial right has been affected hinges on whether it appears from the record that the error contributed to the verdict. An error is harmless if, but only if, the appellate court is able to say, beyond a reasonable doubt, that the jury would have reached the same result absent the error. [Citations omitted.]

2. The analysis outlined in *Winkler* requires the trial court to determine, first, whether the proffered evidence is relevant to a material and disputed issue concerning the crime charged and, second, if the evidence is found to be relevant, it must be determined whether the probative value is outweighed by the danger of unfair prejudice to the defendant. *Winkler, supra*, 112 Idaho at 920, 736 P.2d at 1374.

*State v. Boehner,* 114 Idaho at 315, 756 P.2d at 1079 (Ct.App.1988). In this case the verdict was based solely upon circumstantial evidence. The case turned largely on the jury's assessment of witness' testimony and the amount of credibility the jury gave those witnesses including the rebuttal witness testimony regarding Rupp's reputation. We cannot say, beyond a reasonable doubt, that the jury would have found Rupp guilty without the reputation testimony given by the rebuttal witness. While we might reach a different result in other cases based solely upon circumstantial evidence, we hold that the error in this case was not harmless.

We therefore vacate the judgment of conviction, including the sentence, and we remand this case for a new trial.

SWANSTROM, J., and WINMILL, J. Pro Tem., concur.