129 P.3d 1276

STATE of Idaho, Plaintiff–Respondent,

v.

Dennis Earl HARVEY, Defendant–
Appellant.

No. 30608.

Court of Appeals of Idaho.

Feb. 7, 2006.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant. Eric D. Fredericksen argued.

Hon. Lawrence G. Wasden, Attorney General; Carol L. Chaffee, Deputy Attorney General, Boise, for respondent. Carol L. Chaffee argued.

PERRY, Chief Judge.

Dennis Earl Harvey appeals from his judgment of conviction for sexual abuse of a minor under sixteen years of age and misdemeanor indecent exposure. For the reasons set forth below, we affirm.

## I.

### FACTS AND PROCEDURE

The following facts were revealed at trial through testimony. In the early evening, K.P., an eleven-year-old girl, returned home with her brother to the apartment complex where her family lived. Harvey, who was living in his mother's apartment next door to K.P.'s family, was sitting outside near the entranceway to both apartments in a chair with a blanket over his lap. K.P. said "Hi," and Harvey responded in kind and asked her if she was going to come back out. K.P. did come back out after escorting her brother indoors. K.P. then noticed that Harvey had one hand underneath the blanket that was "moving all around." Harvey asked K.P. to get him a tissue. She did this and, after she gave it to him, he asked her if she knew what it was for. K.P. replied she did not, and Harvey told her it was for the "the top of the penis because when stuff comes out of it." Harvey then asked K.P. if she had ever had sex and, when she indicated she had not, he asked her when she planned to and told her he had sex at age ten. Harvey commented to K.P. that there was no reason for him "going to a bar to pick up girls when I can just do it right here." Harvey asked K.P. to pull the blanket aside, she complied and revealed Harvey's erect penis. K.P. dropped the blanket. Harvey reached for her chest and stated: "You don't wanna do anything? You don't wanna lift up your shirt or anything?" At that point, K.P. left and went back inside her apartment. Moments later, K.P. told her mother what had happened. The police were summoned. After speaking

to K.P. and her mother, the police went next door and arrested Harvey.

Harvey was charged with one count of sexual abuse of a child under sixteen for soliciting K.P. to participate in a sexual act, I.C. § 18–1506(1)(a), and one misdemeanor count of indecent exposure committed for willfully exposing his genitals to a minor, I.C. § 18–4116. A jury found Harvey guilty. The district court entered a judgment of conviction and imposed sentences of ten years, with two years fixed, for the felony and a concurrent 180 days for the misdemeanor. Harvey moved the district court for a new trial on the grounds of insufficiency of the evidence. Harvey also moved the district court for a reduction of sentence pursuant to I.C.R. 35. Both motions were denied. Harvey now appeals.

On appeal, Harvey asserts the district court violated his Sixth Amendment right to cross-examine and his Fifth and Fourteenth Amendment rights to due process in prohibiting cross-examination regarding the victim's potential exposure to pornography and her previous report of an indecent exposure incident. Harvey also asserts the district court abused its discretion in allowing the state to use portions of his prior criminal record as rebuttal evidence during cross-examination of Harvey's character witnesses. Finally, Harvey challenges the sufficiency of the evidence to support the jury's guilty verdict of sexual abuse of a minor child under sixteen.

## II.

## ANALYSIS

### A. Evidentiary Issues

■ Sixth Amendment rights encompass the rights to cross-examination and to present a defense. *Michigan v. Lucas*, 500 U.S. 145, 149, 111 S.Ct. 1743, 1746, 114 L.Ed.2d 205, 212 (1991); *Davis v. Alaska*, 415 U.S. 308, 315–16, 94 S.Ct. 1105, 1109–10, 39 L.Ed.2d 347, 353 (1974); *State v. Peite*, 122 Idaho 809, 814, 839 P.2d 1223, 1228 (Ct. App.1992). A defendant has no constitutional right, however, to present irrelevant evidence. *Peite*, 122 Idaho at 814, 839 P.2d at 1228. Even if relevant, evidence can be ex-

cluded in certain circumstances. *Id.* Trial judges "retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on ... cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. VanArsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674, 683 (1986).

■ This Court has set forth a two-part inquiry to determine whether a defendant's Sixth Amendment rights are violated when a trial court denies admission of evidence. *State v. Self*, 139 Idaho 718, 722, 85 P.3d 1117, 1121 (Ct.App.2003); *Peite*, 122 Idaho at 814–15, 839 P.2d at 1228–29. First, the trial court must consider whether the evidence proffered is relevant. *Self*, 139 Idaho at 722, 85 P.3d at 1121. If it is not relevant, the defendant has no constitutional right to present it. *Id.* If the evidence is relevant, the trial court must ask whether other legitimate interests outweigh the defendant's interest in presenting the evidence. *Id.* Because the trial courts have such broad discretion to determine whether prejudicial effect or other concerns outweigh the probative value of the evidence, a defendant's Sixth Amendment right will only be violated if this Court concludes that the trial court abused its discretion. *Id.*

■ When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

### a. Evidence of pornography

■ Prior to trial, the state objected to a proposed defense witness who would testify to seeing pornography in the home of the victim. The state requested a pre-trial rul-

ing on the admissibility of that testimony. Harvey's proffered reason for the admissibility of evidence of pornography in K.P.'s home was to provide the jury with an explanation for K.P.'s ability to describe explicit sexual activities other than through her observation of Harvey's alleged sexual conduct. Harvey admitted that his evidence consisted of statements made by one witness who heard about the pornography in K.P.'s home from discussions with another girl. The identity of the girl who was allegedly the original source of this information was not fully disclosed to the state and, ultimately, never testified at trial. The district court reserved its ruling. During the trial, Harvey did not attempt to introduce the witness, but requested that he be allowed to cross-examine K.P. as to whether she had seen pornographic materials. After hearing argument from both sides, the district court denied cross-examination on the subject of K.P.'s potential exposure to pornography, unless the state "opened the door" by asking related questions during K.P.'s direct examination.

Harvey, on appeal, asserts there was evidence that demonstrated the victim was exposed to sexually explicit material. Harvey argues that he should have been allowed to introduce this evidence demonstrating a potential source of explanation for a victim's sexual knowledge other than his alleged conduct. Harvey urges this Court to adopt the test set forth in an Arizona Supreme Court case, *State v. Oliver*, 158 Ariz. 22, 760 P.2d 1071 (1988). The test has two prongs: first, the defendant must show, in camera, that the victim was previously exposed to a sexual act; and second, that the act was sufficiently similar to allow the victim to fabricate the sexual molestation charged. *Id.* at 1077. Even if we were to adopt this test, it would not require reversal of Harvey's judgment of conviction because Harvey made no offer of proof that the test could have been satisfied or even that K.P. had viewed pornography of any type.

Idaho Rule of Evidence 103(a)(2) provides that error may not be alleged upon a court ruling that excludes evidence unless the substance of the evidence was made known to the court by offer of proof. *See also State v.*

*Young*, 136 Idaho 113, 120, 29 P.3d 949, 956 (2001). Harvey's only offer of proof concerned a witness whose testimony would have been hearsay. Even if the testimony was admissible, it did not demonstrate that K.P. actually viewed pornographic materials, only that such material may have existed in her home. Harvey failed to make an admissible offer of proof to the district court indicating K.P. had been exposed to any sexually explicit material. Absent any admissible offer of proof, cross-examination on the subject would have been purely speculative. Because Harvey failed to make an offer of proof of admissible evidence, Harvey cannot assert the district court erred in excluding the evidence. Accordingly, we conclude the district court properly excluded speculative cross-examination of K.P.'s possible exposure to pornography in the absence of any admissible offer of proof on the subject.

**b. Cross-examination of victim's mother**

During the course of the trial, Harvey moved the district court to cross-examine K.P.'s mother regarding a previous accusation of indecent exposure made by K.P. As an offer of proof, Harvey stated that, on a prior date, K.P. had allegedly told Harvey's mother that a teenage boy had exposed his genitalia to her. Harvey's mother then went with K.P. to see K.P.'s mother, and K.P. repeated her story. K.P.'s mother indicated they were having supper and sent Harvey's mother away.

In the ensuing discussion on the record, outside the presence of the jury, Harvey argued that his intent in producing the evidence was to demonstrate that, because K.P.'s mother did nothing when confronted with K.P.'s first allegation of exposure, K.P. might invent another, more graphic one, in an attempt to gain her mother's attention. The district court denied the request to cross-examine K.P.'s mother about this episode, primarily on relevance grounds. On appeal, Harvey asserts that the district court erred in denying cross-examination of K.P.'s mother on this subject. Harvey argues that there was no intention of claiming K.P.'s prior allegation was false, that the prior alle-

gation was a previous sex crime where K.P. was the victim, or to call into question K.P.'s general character. Harvey's purpose of introducing the evidence was only to show the possibility that K.P. had a motive to fabricate the accusations leveled at him.

We review questions of relevance de novo. *State v. Raudebaugh,* 124 Idaho 758, 764, 864 P.2d 596, 602 (1993). Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401. Relevant evidence is generally admissible, and irrelevant evidence is not admissible. I.R.E. 402. Evidence that K.P. fabricated the claims against Harvey would certainly be a fact of consequence to the determination of the action. However, Harvey has conceded the purpose of questioning K.P.'s mother about the existence of a prior allegation of indecent exposure was not to claim K.P.'s allegations were false or to call her honesty into question. Absent any claim or evidence that K.P.'s previous allegation was false, introducing the prior allegation of indecent exposure does not make the assertion she lied about Harvey's criminal sexual acts more probable. Therefore, such evidence is irrelevant and the district court did not err in excluding it.

### c. Cross-examination of character witnesses

■ At trial, Harvey sought to introduce evidence of his good character around children through opinion testimony from defense witnesses. The record demonstrates Harvey sought to focus the scope of his good character evidence to only his good character when dealing with or being around children. The state sought to question Harvey's character witnesses regarding their knowledge of Harvey's prior criminal convictions for the purposes of rebuttal of the witnesses' opinion testimony. After hearing argument from both sides, the district court allowed Harvey to question his character witnesses as to their opinion of his good character around

children during direct examination. The district court, after hearing further argument, determined the state could rebut the evidence during cross-examination by asking the character witnesses if they were aware of Harvey's previous crimes of battery, disturbing the peace, and domestic battery. The state was excluded from asking the witnesses about Harvey's previous crimes of theft, leaving the scene of an accident, and failure to appear. In making this ruling, the district court reasoned that, even though the good character opinion evidence to be admitted was specifically about children, it encompassed a general concept of goodness with all people. Consequently the district court ruled that cross-examination regarding Harvey's previous criminal conduct in the acts of battery and disturbing the peace were appropriate to rebut the opinion testimony Harvey intended to elicit.

Harvey argues on appeal that the specific instances of misconduct the state was allowed to cross-examine his character witnesses about at trial were not relevant to rebut the pertinent character trait of his good character around children. Furthermore, Harvey contends his questioning of character witnesses at trial did not open the door to rebuttal of his general good character. Thus, Harvey asserts the district court abused its discretion in allowing the state to cross-examine him about his prior misconduct.

Harvey asserts that the ruling in *Duren v. State,* 87 S.W.3d 719 (Tex.Crim.App.2002) should be persuasive in determining this issue. In *Duren,* the Texas Court of Appeals held that the court below committed harmless error in allowing the state to cross-examine the defendant as to specific instances of violence against adults to rebut the defendant's testimony of his own factual history of nonviolence around children. *Duren,* 87 S.W.3d at 731. The *Duren* court concluded that, for the purposes of Texas Rule of Evidence 404(a)(1),[1] the defendant was not a character or reputation witness, but rather a fact witness.[2] *Id.* The defendant testified

---

1. Texas Rule of Evidence 404(a) is essentially the same as I.R.E. 404(a).

2. In addition to its Rule 404(a) analysis, the *Duren* court also addressed the inadmissibility of the evidence in question under Rule 404(b): oth-

that he had never treated the child victim of the instant crime, or any other children, violently. Such testimony would not open the door to cross-examination on specific instances of violent acts against adults to impeach his factual testimony, especially when the defendant had already admitted to previous acts of violence on adults. *See id.* The *Duren* court also noted that the state had failed to cross-examine the defendant's character witnesses as to whether they knew of the defendant's specific instance of violence with an adult. *Id.* at 730.

The *Duren* opinion is not binding upon this Court and, even if we were to be persuaded by the *Duren* court's analysis, it does not apply to the issue Harvey raises on appeal. The relevant issue in *Duren* was whether a defendant's factual testimony opened the door to cross-examination of specific instances of prior bad acts not related to the facts testified to. Unlike *Duren,* here, the state was cross-examining character witnesses, put forth by Harvey, regarding their opinion of Harvey having a good character around children. The issue before this Court is what specific instances of Harvey's prior behavior were relevant for the state to use in challenging the witnesses' opinion testimony of Harvey's good character around children.

Character evidence ordinarily is inadmissible for the purpose of showing that an individual acted in conformity therewith on any particular occasion. I.R.E. 404(a); *State v. Rupp,* 118 Idaho 17, 19, 794 P.2d 287, 289 (Ct.App.1990). A criminal defendant may, however, offer evidence of a pertinent character trait, provided the prosecution is afforded an opportunity to rebut the same. I.R.E. 404(a)(1); *Rupp,* 118 Idaho at 19, 794 P.2d at 289. Idaho Rule of Evidence 404 requires the defense to "open the door" regarding evidence of good character of the accused before the state can counter with any evidence regarding the defendant's bad character. *Rupp,* 118 Idaho at 19, 794 P.2d at 289. Character evidence may usually be admitted only as testimony in the form of an opinion or testimony as to reputation. I.R.E.

405(a). On cross-examination, though, a party may inquire about relevant specific instances of conduct. *Id.*

In this case, opinion evidence regarding Harvey's good character around children could be rebutted by evidence that Harvey had been previously found guilty of battery and domestic battery crimes not involving children. It would be reasonable for a person to be hesitant to allow children to be cared for or influenced by an individual with a history of violent crimes of any type. Just as Harvey offered opinion evidence of his good character around children, the district court properly allowed the state to introduce evidence that would make a reasonable person doubt his or her opinion of the good character attested to. Therefore, we conclude the ruling of the district court, regarding the admissibility of Harvey's battery and domestic battery crimes, is soundly reasoned and well within the boundaries of its discretion. Accordingly, the district court did not abuse its discretion in allowing the state to admit evidence of the specific crimes of battery and domestic battery to challenge the opinion evidence of Harvey's good character around children.

■ Disturbing the peace, however, is a very broad misdemeanor encompassing many potential types of behavior. I.C. § 18–6409. A violent act or attitude is not a necessary element of disturbing the peace. *Id.* Unlike battery and domestic battery, disturbing the peace is not the type of crime that a reasonable person would necessarily find weighs heavily in forming an opinion regarding an individual's fitness to be around children. Thus, we now conclude that, just as the district court determined that crimes of theft, leaving the scene of the accident and failure to appear had no reasonable bearing on challenging a character witnesses' opinion of the good character of Harvey around children, the crime of disturbing the peace is also irrelevant to such an opinion. Accordingly, the district court abused its discretion in allowing the state to raise this specific instance of conduct to challenge the witnesses'

---

er crimes are not admissible to show the character of a defendant to prove the defendant acted in conformity therewith. In his brief to this Court,

Harvey confuses the *Duren* court's separate legal analysis of the same facts in relation to Rule 404(a) and 404(b).

opinion testimony. Having determined the district court erred, we must now consider whether it was harmless.

■ Error is not reversible unless it is prejudicial. *State v. Stoddard,* 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct.App.1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Poland,* 116 Idaho 34, 37, 773 P.2d 651, 654 (Ct.App.1989). An error is harmless if the appellate court is able to say, beyond a reasonable doubt, that the jury would have reached the same result absent the error. *State v. Boman,* 123 Idaho 947, 950–51, 854 P.2d 290, 293–94 (Ct.App.1993). The seriousness of the battery and domestic battery convictions significantly overshadow the disturbing the peace misdemeanor. Because of this, even if the disturbing the peace conviction had been excluded, the more serious battery convictions act as the more decisive factors in rebuttal of opinion evidence and the effect on the character witnesses' testimony would have been the same. Consequently, we are able to say beyond a reasonable doubt that the jury would have still reached their guilty verdict, even if the error in question had not occurred and thus deem it harmless.

### d. Cumulative error

■ Harvey also argues that even if the evidentiary issues he raises are harmless error on their own, their cumulative effect shows the absence of a fair trial in contravention of his due process rights. *State v. Moore,* 131 Idaho 814, 823, 965 P.2d 174, 183 (1998). The cumulative error doctrine refers to an accumulation of irregularities, each of which by itself might be harmless, but when aggregated, show the absence of a fair trial in contravention of the defendant's right to due process. *Id.* Of the district court's rulings Harvey challenges on appeal we have determined only one to be harmless error. Accordingly, the cumulative error doctrine is inapplicable.

### B. Insufficient Evidence

■ At trial, the state had the burden of proving that with the intent to gratify Harvey's lust, passions or sexual desires he solicited K.P., a minor child under the age of sixteen years, to participate in a sexual act. I.C. § 18–1506(1)(a). On Appeal Harvey argues the state did not prove beyond a reasonable doubt all the elements of I.C. § 18–1506(1)(a). Harvey specifically contends the state failed in establishing the element of his solicitation of K.P. to engage in a sexual act.

Solicitation of a minor to participate in a sexual act is an essential element of I.C. § 18–1506(1)(a). Harvey's argument relies on his interpretation of what is necessary to demonstrate solicitation as defined in I.C. § 18–1506(2). Harvey argues that the phrase "by means of sexual contact" in I.C. § 18–1506(2) indicates the statute requires the state establish that the perpetrator had sexual contact with the victim or the victim engaged in self sexual contact in order to meet the element of solicitation. Harvey contends the state failed to present sufficient evidence to show Harvey touched K.P. or that she touched herself and, thus, did not demonstrate the requirements for the element of solicitation. Prior to considering whether the state introduced sufficient evidence for the jury to have found Harvey guilty, we must address Harvey's proposed interpretation of I.C. § 18–1506(2).

### a. Definition of solicitation

■ This Court exercises free review over the application and construction of statutes. *State v. Reyes,* 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct.App.2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode,* 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight,* 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar,* 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct.App.2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight,* 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history

or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

Idaho Code Section 18–1506(2), defines "solicits" as:

[A]ny written, verbal, or physical act which is intended to communicate to such minor child the desire of the actor or third party to participate in a sexual act or participate in sexual foreplay, by the means of sexual contact, photographing or observing such minor child engaged in sexual contact.

We conclude that, in defining "solicitation," the phrase "by means of sexual contact" is only intended to further clarify the sexual conduct the solicitation must request as discussed in the second half of the sentence. The phrase does not relate to the first part of the sentence that defines the modes in which a solicitation may be conveyed. Section 18–1506(2) clearly states that the act of solicitation can be "any written, verbal or physical act" communicating a desire to engage the child in sexual conduct. There is no indication in the plain and unambiguous language of the statute that the solicitation itself must include sexual contact. A physical act, like actually touching the victim in a sexual manner, is one of several possible modes of solicitation contemplated by the statute, but physical contact is not necessary to carry out a solicitation. The language of the statute makes clear the possibility that an offender can solicit a child to participate in a sexual act under I.C. § 18–1506(2) without ever actually touching the child or having the child perform any sexual act but by written or verbal communication. *See e.g. State v. Willard*, 129 Idaho 827, 828, 933 P.2d 116, 117 (Ct.App.1997) (where defendant was found guilty of sexual abuse of a child when he peered over a bathroom stall and verbally asked the minor victim to engage in a sexual act but did nothing more and the victim immediately left). Therefore, we reject Harvey's proposed interpretation of I.C. § 18–1506(2).

**b. Sufficiency of the evidence**

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera–Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct.App.1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App.1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera–Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

The record demonstrates that Harvey masturbated under a blanket in K.P.'s view and asked her to get him a tissue that he later explained to her was for his ejaculate. Harvey asked K.P. about whether she had had sex or not, when she intended to, and then told her he had participated in sex at age ten. Harvey also stated to K.P. that he had no reason to "pick up girls in bars when he could do it right here." Harvey asked K.P. to lift up the blanket on his lap and, when she did, he displayed his erect penis to her. He then reached towards her chest area saying, "You don't wanna do anything? You don't wanna lift up your shirt or anything?"

Taken as a whole, Harvey's sexual behavior and the sexually-oriented questions and statements he posed to K.P., together with his act of reaching for her chest and asking her to lift up her shirt, were sufficient to establish Harvey was soliciting K.P. and that his actions were committed with the intent of gratifying his sexual desires. Therefore, upon review of the record, we conclude the state introduced evidence sufficient for a reasonable trier of fact to conclude the state had sustained its burden of proving beyond a reasonable doubt Harvey's request was a solicitation of K.P. to participate in a sexual act.

## III.

### CONCLUSION

We conclude that the district court did not err in excluding cross-examination of K.P.'s possible exposure to pornography, as Harvey made no offer of proof to show that line of questioning would have elicited admissible evidence. The district court also did not err in prohibiting cross-examination on a previous allegation of indecent exposure K.P. may have made, as it was irrelevant as to whether she fabricated her allegations against Harvey. The district court did not abuse its discretion in allowing the state to introduce evidence of Harvey's prior crimes of battery and domestic battery pursuant to I.R.E. 404(a)(1). The district court abused its discretion in allowing the state to introduce evidence of Harvey's prior crime of disturbing the peace. However, we determine that this abuse of discretion was harmless error. Finally, we conclude that the state provided substantial evidence at trial that would allow a reasonable trier of fact to conclude the state carried its burden of proof. Accordingly, Harvey's judgment of conviction for sexual abuse of a minor child under sixteen years of age and indecent exposure are affirmed.

Judge LANSING and Judge GUTIERREZ, concur.

