**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51156**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 31, 2025** |
| **Plaintiff-Respondent,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| LOREN WAYNE JOHNSON, JR., | ) |
| | ) |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barbara Duggan, District Judge.

Judgment of conviction and concurrent, unified terms of thirty years, with minimum periods of confinement of ten years, for four counts of lewd conduct with a child under sixteen, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentences, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Loren Wayne Johnson, Jr., appeals from his judgment of conviction and concurrent, unified sentences of thirty years, with minimum periods of confinement of ten years, for four counts of lewd conduct with a child under sixteen and the order denying his I.C.R. 35 motion for reduction of his sentences. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Johnson with four counts of lewd conduct with a minor under sixteen, I.C. § 18-1508, for offenses Johnson committed against four different victims. The four victims

testified about the details of the charged offenses. A nonvictim witness testified, over Johnson's objection, that Johnson is not trustworthy around children. A jury found Johnson guilty of all four counts. The district court sentenced Johnson to concurrent, unified terms of thirty years, with minimum periods of confinement of ten years. Johnson filed a Rule 35 motion, arguing that his sentences equate to life imprisonment and that he desires placement in an out-of-state correctional facility; the district court denied the motion. Johnson appeals.

## II.

## STANDARD OF REVIEW

A trial court has broad discretion concerning the admission of evidence, and its judgment will only be reversed where there has been an abuse of that discretion. *State v. Zimmerman*, 121 Idaho 971, 973-74, 829 P.2d 861, 863-64 (1992). A trial court's sentencing decision is likewise reviewed for an abuse of discretion. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Johnson argues that the district court erred by failing to act consistently with the applicable legal standards by admitting testimony from the sister of two victims, by imposing excessive sentences, and by denying his Rule 35 motion for reduction of his sentences. The State concedes the district court erred in admitting the challenged testimony but contends the error was harmless and asserts that the district court properly exercised its sentencing discretion. We hold that the district court erred in admitting the challenged testimony but the error was harmless. We further hold that Johnson has failed to show that his sentences are excessive or that the district court abused its discretion in denying his Rule 35 motion.

**A.       Idaho Rule of Evidence 405**

At trial, Johnson objected to the admission of opinion testimony that he was not trustworthy around children.  The State responded that the testimony was admissible pursuant to I.R.E. 405, and the district court overruled Johnson's objection.  The State correctly acknowledges the admission of such evidence was erroneous.

Idaho Rule of Evidence 405(a) provides that, when evidence of character or a character trait is admissible, "it may be proved by testimony about the person's reputation or by testimony in the form of an opinion."  The prosecutor articulated no basis for its assertion that evidence of Johnson's character was properly at issue in the case such that proof of character could be proven by reputation or opinion testimony as authorized by I.R.E. 405(a).  Rather, the prosecutor argued character did not "have to be placed in issue."  That assertion is incorrect.  The necessary predicate to I.R.E. 405(a) is, by its plain language, the admissibility of evidence of character or character trait in the first instance.  *See State v. Harvey*, 142 Idaho 527, 532, 129 P.3d 1276, 1281 (Ct. App. 2006) (explaining that, because defendant put his good character around children at issue, the prosecutor could rebut it with specific instances undermining defendant's assertion).  The admission of opinion testimony that Johnson was not trustworthy around children was erroneous.  The error was, however, harmless.

**B.       Harmless Error**

Error is not reversible unless it is prejudicial.  *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017).  Where a criminal defendant shows an error based on a contemporaneously objected-to, nonconstitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt the error did not contribute to the jury's verdict. *State v. Montgomery*, 163 Idaho 40, 46, 408 P.3d 38, 44 (2017).  Thus, we examine whether the alleged error complained of was harmless.  *See id*.  Harmless error is error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record. *State v. Garcia*, 166 Idaho 661, 674, 462 P.3d 1125, 1138 (2020).  This standard requires weighing the probative force of the record as a whole while excluding the erroneous evidence and at the same time comparing it against the probative force of the error.  *Garcia*, 166 Idaho at 674, 462 P.3d at 1138.  If the error's effect is minimal compared to the probative force of the record

establishing guilt beyond a reasonable doubt without the error, then the error did not contribute to the verdict rendered and is harmless. *Id.* The reviewing court must take into account what effect the error had, or reasonably may have had, on the jury in the context of the total setting and in relation to all else that happened, which necessarily includes the evidence presented. *Kotteakos v. United States*, 328 U.S. 750, 764 (1946).

Although the district court erred in admitting opinion testimony that Johnson was not trustworthy around children, that error was harmless. The State presented extensive evidence that Johnson engaged in lewd conduct with his victims. The four victims testified in detail about numerous instances of lewd conduct committed by Johnson. A cursory opinion, without elaboration, by a single witness that she did not believe Johnson was trustworthy around children had minimal, if any, probative value. We are also unpersuaded by Johnson's assertion that such an opinion somehow bolstered the victims' credibility in this case. Weighing the probative force of the record as a whole (and the testimony of the victims in particular), excluding the challenged evidence and comparing it to the minimal probative value of that evidence, shows the error was harmless.

## C.     Sentencing

Johnson argues that his sentences are excessive because he was found to be amenable to sex-offender treatment, has "not had an issue with the law" for approximately twenty years, and there is no indication he has engaged in inappropriate sexual conduct in over twenty years. Johnson also notes that he obtained steady employment, got married, and is actively involved in his community. The State responds that Johnson has failed to show the district court abused its sentencing discretion. We hold that Johnson has failed to show the district court abused its sentencing discretion.

Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related

4

goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by imposing concurrent thirty-year sentences, with minimum periods of confinement of ten years, for four counts of lewd conduct.

**D.      Idaho Criminal Rule 35**

Johnson argues the district court erred in denying his Rule 35 motion. The State responds that Johnson has failed to show the district court abused its discretion in concluding a reduced sentence was not appropriate. We hold that Johnson has failed to show error in the denial of his Rule 35 motion.

In his Rule 35 motion, Johnson asserted that, given his age and health status, his sentences are equivalent to life imprisonment. Johnson also requested placement in an out-of-state correctional facility. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987). Upon review of the record, we conclude no abuse of discretion has been shown in the district court's denial of Johnson's Rule 35 motion.

5

## IV.

### CONCLUSION

Although the district court erred in admitting opinion testimony that Johnson was not trustworthy around children, the error was harmless. Johnson has failed to show that the district court abused its discretion in imposing his sentences or denying his Rule 35 motion. Johnson's judgment of conviction and sentences for four counts of lewd conduct with a minor under sixteen and the order denying his Rule 35 motion are affirmed.

Judge HUSKEY and Judge TRIBE, **CONCUR**.