168 P.3d 40

**Dennis Michael MINTUN,
Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 33038.

Court of Appeals of Idaho.

July 10, 2007.

Review Denied Sept. 14, 2007.

Nevin, Benjamin & McKay, LLP, Boise, for appellant. Robyn A. Fyffe argued.

Hon. Lawrence G. Wasden, Attorney General; Thomas Tharp, Deputy Attorney General, Boise, for respondent. Thomas Tharp argued.

LANSING, Judge.

Dennis Michael Mintun appeals from the district court's order denying his petition for post-conviction relief following an evidentiary hearing. Mintun contends that he proved either a denial of counsel or ineffective assistance of the counsel who was appointed to represent him in the appeal from his convictions for sexual abuse of a minor. We affirm in part and reverse in part.

## I.

### FACTUAL & PROCEDURAL BACKGROUND

Mintun was charged with four counts of sexual abuse of a minor. Counts I through III alleged that on July 22, 2002, Mintun induced three boys, ages seven, nine, and ten, to touch and/or be touched and kissed by the other boys with the intent to gratify Mintun's sexual desire, in violation of Idaho Code § 18–1506(1)(b). Mintun took photographs of the boys touching and kissing each other. Two of the boys were brothers and the third was a cousin, and at least one was a nephew of Mintun. Count IV alleged that, on a different date, Mintun committed sexual abuse by inducing the ten-year-old boy to watch and photograph Mintun while Mintun masturbated, in violation of I.C. § 18–1506(1)(a).

Mintun testified at trial and acknowledged taking pictures of the three boys, but said that his affection for the boys was not sexual and that he saw nothing wrong with brothers and cousins kissing and hugging each other. Mintun was convicted on all counts. He appealed, and this Court affirmed the convictions. State v. Mintun, Docket No. 29725, 123 P.3d 211 (Ct.App. Sept.20, 2004) (unpublished).

Mintun then filed the present post-conviction action alleging numerous instances of ineffective assistance of his trial counsel and appellate counsel in the criminal case. Following an evidentiary hearing, the district court denied relief, and Mintun appeals. On appeal, Mintun does not pursue his claims of ineffective assistance by his trial attorney, but focuses instead on the allegedly deficient performance of the attorney who represented Mintun on the appeal from his judgment of conviction.

## II.

### ANALYSIS

An accused has a constitutional right to assistance of counsel. Gideon v. Wainwright, 372 U.S. 335, 344, 83 S.Ct. 792, 796, 9 L.Ed.2d 799, 805 (1963). The right to counsel necessarily includes the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763, 773, n. 14 (1970); Matthews v. State, 122 Idaho 801, 806, 839 P.2d 1215, 1220 (1992). The right to effective assistance of counsel extends to the defendant's first appeal as a matter of right. Evitts v. Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821, 829 (1985).

To prevail on a claim of ineffective assistance of counsel, a post-conviction petitioner must show that the attorney's performance was deficient and, in most cases, must also show that prejudice resulted from the deficiency. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); Berg v. State, 131 Idaho 517, 520, 960 P.2d 738, 741 (1998); Hassett v. State, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App.1995); Russell v. State, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). Deficient performance is established if the applicant shows that the attorney's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; Berg, 131 Idaho at 520, 960 P.2d at 741; Aragon v. State, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); Russell, 118 Idaho at 67, 794 P.2d at 656. To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient per-

formance, the outcome of the criminal case would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 697; *Berg*, 131 Idaho at 520, 960 P.2d at 741; *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Russell*, 118 Idaho at 67, 794 P.2d at 656.

## A. Denial of Counsel and Presumption of Prejudice

 Mintun first argues that the representation by his appointed appellate attorney was so inadequate and the attorney's conduct so deleterious to Mintun's interests that Mintun should be deemed to have been entirely deprived of counsel on appeal. Because the service of his appointed attorney, including the attorney's eventual withdrawal, was the equivalent of no representation at all, Mintun reasons, he is entitled to a presumption of prejudice that applies when there has been a deprivation of counsel, and he ought not be required to show actual prejudice from the attorney's deficient performance.

The facts underlying this claim are as follows. An attorney from the office of the State Appellate Public Defender was appointed to represent Mintun in his criminal appeal. According to the subsequent testimony of appellate counsel in this post-conviction action, Mintun wrote to the attorney inquiring whether there existed a viable challenge to the constitutionality of one or more of the statutory subsections under which he was convicted. Appellate counsel testified that he researched this issue and concluded that a valid constitutional challenge could not be made, but he did not communicate this determination to Mintun. Instead, the attorney prepared an appellant's brief, raising claims of error in evidentiary rulings at Mintun's trial and challenging the trial court's denial of Mintun's motion for a reduction of his sentences. The attorney sent a copy of the brief to Mintun. Mintun responded with a letter expressing his displeasure with the brief and outlining additional issues that he believed should have been raised. Again, appellate counsel did not respond to Mintun about his concerns.

After the State filed its respondent's brief, Mintun wrote to appellate counsel requesting transcripts of his trial and stating that "I have elected to file a petition for a rehearing, and will operate pro se." At that point, Mintun was entitled to file an optional reply brief, and no decision had issued in the appeal, so a "petition for rehearing" would have been premature. Nevertheless, appellate counsel again did not respond to Mintun, either to clarify the status of the appeal or to otherwise discuss the case. Instead, based on Mintun's latest letter, appellate counsel filed with the Idaho Supreme Court a motion to allow the attorney's withdrawal and to permit Mintun to thereafter act pro se in the appeal. Mintun was not notified of the motion or given a copy. The motion was granted, and a copy of the order for the attorney's withdrawal was served on Mintun.

Thereafter, Mintun filed a reply brief, attempting to raise additional issues for consideration on appeal. This Court affirmed the judgment of conviction, rejecting the claims of error in the appellant's brief filed by counsel and specifically declining to address, for violation of appellate procedure, the additional issues impermissibly proffered by Mintun in his pro se reply brief.

Mintun now contends that this evidence demonstrates that he was deprived of counsel in his direct appeal. In summary, he complains that: (1) appellate counsel failed to communicate with him in any way during his representation; (2) appellate counsel improperly withdrew from the appeal without advising Mintun of the status of the appeal, the opportunity to request the appointment of substitute counsel, and/or how to file a motion for leave to file a supplemental appellant's brief so that the additional issues that Mintun sought to raise could be asserted; and (3) appellate counsel improperly withdrew from the case without assuring that Mintun was advised of the perils of self-representation.

 Mintun's characterization of these circumstances as a denial of counsel is significant because, if accurate, it relieves him of the burden of proving prejudice from his attorney's inadequate performance. As noted above, a post-conviction petitioner claiming ineffective assistance of counsel must ordinarily show that the attorney's incom-

petence prejudiced the defendant, but if the defendant was *denied* counsel during a critical stage of the prosecution, the burden to show prejudice is inapplicable because prejudice is presumed. *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *Ditch v. Grace,* 479 F.3d 249 (3rd Cir.2007).

 Here, appellate counsel's noncommunication with his client about the issues to be pursued in the appeal and about the attorney's intent to withdraw can hardly be classified as optimal service. Nevertheless, because the attorney, before withdrawing, had already represented Mintun through all essential steps of the appellate process, it cannot be said that Mintun was deprived of counsel for his appeal and is therefore entitled to a presumption of prejudice from appellate counsel's failings. Whether a defendant is required to show actual prejudice or whether prejudice is presumed "turns on the magnitude of the deprivation of the right to effective assistance of counsel." *Roe v. Flores–Ortega,* 528 U.S. 470, 482, 120 S.Ct. 1029, 1037, 145 L.Ed.2d 985, 998 (2000). In *Cronic,* 466 U.S. at 658, 104 S.Ct. at 2046, 80 L.Ed.2d at 667 the Supreme Court held that there are narrow circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified. *See also Aeschliman v. State,* 132 Idaho 397, 404, 973 P.2d 749, 756 (Ct. App.1999); *Boman v. State,* 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct.App.1996). The *Cronic* rule encompasses three situations where courts should presume that the defendant was prejudiced by the absence or deficiency of counsel: (1) where the presence of counsel is denied altogether at a critical stage; (2) where counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing"; and (3) where counsel is called upon to render assistance under circumstances where competent counsel very likely could not (as where counsel is appointed the day before trial). *Cronic,* 466 U.S. at 659–60, 104 S.Ct. at 2047–48, 80 L.Ed.2d at 668. *See also Bell v. Cone,* 535 U.S. 685, 695–96, 122 S.Ct. 1843, 1850–51, 152 L.Ed.2d 914, 927 (2002).

None of these situations occurred here. There was not a complete denial of counsel, for appellate counsel was, in fact, appointed to represent Mintun. *Cf. Swenson v. Bosler,* 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967) (state's practice of deciding direct appeals without the appointment of counsel unconstitutional); *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) (same). The attorney did not fail to subject the prosecution's case to meaningful adversarial testing, for he filed a competent appellant's brief that raised issues that the attorney deemed to be viable for an appeal. In *Bell,* the Supreme Court clarified that "[w]hen we spoke in *Cronic* of the possibility of presuming prejudice based on an attorney's failure to test the prosecutor's case, we indicated that the attorney's failure must be complete." *Bell,* 535 U.S. at 696–97, 122 S.Ct. at 1851–52, 152 L.Ed.2d at 927–28. This circumstance will rarely be found, *Florida v. Nixon,* 543 U.S. 175, 190, 125 S.Ct. 551, 562, 160 L.Ed.2d 565, 580 (2004), and it is not found here. Lastly, there were no circumstances surrounding Mintun's appeal that would have impeded or prevented counsel from rendering competent assistance.

In short, Mintun's appellate attorney reviewed the record, identified issues that he deemed viable, and wrote an appellant's brief arguing those issues. This Court considered those issues on the merits. In this circumstance, appellate counsel did not fail to subject the prosecution's case to meaningful adversarial testing. *Mitchell v. State,* 132 Idaho 274, 277–79, 971 P.2d 727, 730–32 (1998). Because an adequate brief was filed, Mintun's situation is readily distinguishable from those cases where there was a complete lack of advocacy by appellate counsel. *See, e.g., Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) (presumed prejudice where appointed appellate counsel was allowed to withdraw, without filing a brief, upon a certification that the appeal was without merit); *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (appointed counsel filed no-merits brief and withdrew); *Betts v. Litscher,* 241 F.3d 594 (7th Cir.2001) (no appellate brief filed by counsel prior to withdrawal); *Oimen v. McCaughtry,* 130 F.3d 809, 811 (7th Cir.

1997) (in deciding the appeal, the state appellate court did not consider the merits brief filed by the appellate attorney before the attorney withdrew). We do not preclude the possibility of a complete denial of appellate advocacy where a merits brief filed by an attorney is so wanting as to be the equivalent of no advocacy at all, *see Jenkins v. Coombe*, 821 F.2d 158 (2nd Cir.1987), but that did not occur. A competent brief was filed. Therefore, Mintun is not entitled to a presumption of prejudice and a new appeal.

It follows that we must proceed to consideration of Mintun's alternative argument that his appellate attorney was deficient for failing to raise specific additional issues in the appeal and that Mintun was prejudiced thereby.

## B. Ineffective Assistance of Appellate Counsel

Mintun's claims that he was denied the effective assistance of counsel because appointed counsel should have raised certain additional issues on appeal are subject to the standards set forth in *Strickland*, and Mintun therefore must show that appellate counsel's performance was deficient and caused prejudice in the outcome of the appeal. *Bell*, 535 U.S. at 697–98, 122 S.Ct. at 1851–52, 152 L.Ed.2d at 928–29; *Sparks v. State*, 140 Idaho 292, 297, 92 P.3d 542, 547 (Ct.App.2004). An indigent defendant does not have a constitutional right to compel appointed appellate counsel to press all nonfrivolous arguments that the defendant wishes to pursue. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987, 993 (1983). Rather, the process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being the evidence of incompetence, is the hallmark of effective appellate advocacy. *Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434, 445 (1986). "Notwithstanding *Barnes*, it is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288, 120 S.Ct. 746, 765, 145 L.Ed.2d 756, 781 (2000). "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Id.* (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir.1986)).

### 1. Fundamental error/violation of the Confrontation Clause

Mintun first argues that counsel was ineffective for failing to assert on appeal that Mintun's constitutional right to confront witnesses was violated when, in cross-examining Mintun, the prosecutor disclosed hearsay comments about Mintun that were posted on a website. The website was quoted by the prosecutor as giving the following description of Mintun: "Former child psychologist turned apologist for boy lovers, former child advocate who can no longer be trusted." Mintun's trial attorney did not object to this recitation of hearsay and therefore did not preserve the question of its propriety for appeal. Mintun contends that his appellate counsel nevertheless should have raised the impropriety of the prosecutor's questioning as a claim of fundamental error, reviewable on appeal, because it violated the Sixth Amendment's Confrontation Clause.

The appellate courts of this state ordinarily will not address an issue that was not preserved for appeal through an objection in the trial court. *State v. Rozajewski*, 130 Idaho 644, 645, 945 P.2d 1390, 1391 (Ct. App.1997). We may, however, consider fundamental error in a criminal case, even though no objection was made at trial. Fundamental error is: "... such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his or her defense and which no court could or ought to permit him to waive." *State v. Bingham*, 116 Idaho 415, 423, 776 P.2d 424, 432 (1989).

For purposes of our present analysis, we will assume, without deciding, that this Confrontation Clause issue could have been raised in Mintun's direct appeal as a claim of fundamental error. The dispositive question is whether Mintun's appellate counsel may be deemed ineffective for failing to raise a claim of fundamental error on an issue that was not preserved by objection in

the trial court. For several reasons, we hold that an ineffective assistance of appellate counsel claim is not meritorious in this circumstance.

First, Idaho case law establishes no bright line delineating categories of errors that will be deemed fundamental, and thus subject to appellate review without objection below. Therefore, a rule deeming appellate counsel ineffective for failing to raise an issue of fundamental error would force appellate attorneys to raise on appeal nearly all possible errors, whether preserved by objection in the trial court or not, to avoid the risk of being declared ineffective. This would be a misuse of the resources of appellate defense counsel, the Idaho Attorney General's Office, and the Idaho appellate courts. Such a rule would also place on our trial and appellate courts in post-conviction proceedings the difficult task of determining, on a case-by-case basis, whether a particular error was actually "fundamental" and whether the record on direct appeal was sufficient to review the claim at that time.

Second, it is often not to a criminal defendant's advantage to raise an issue of fundamental error on direct appeal because the record in the criminal proceeding may not be adequately developed for a full presentation of the defendant's claim. For example, Idaho's appellate courts have held that the State's violation of a plea agreement is fundamental error that may be reviewed in the absence of objection in the trial court, *State v. Jafek*, 141 Idaho 71, 74, 106 P.3d 397, 400 (2005); *State v. Rutherford*, 107 Idaho 910, 915–16, 693 P.2d 1112, 1117–18 (Ct.App. 1985), but this Court has also declined to address such claims where the record on appeal is not complete enough to allow appellate examination of all the factors that must be considered on such a claim. *State v. Kellis*, 129 Idaho 730, 733–34, 932 P.2d 358, 361–62 (Ct.App.1997). In the latter circumstance, we have left the issue for presentation in a post-conviction proceeding, where an adequate record could be developed. We have also observed that if the appellate court were to consider, as fundamental error, the merits of a claim that cannot be adequately supported by the bare record in the criminal

proceedings, it would require that we rule against the appealing defendant, and that ruling would be *res judicata*, precluding the defendant from later pursuing the issue in a post-conviction action where adequate evidence to support the claim might be presented. *See generally State v. Mitchell*, 124 Idaho 374, 376, 859 P.2d 972, 974 (Ct.App.1993). *See also* I.C. § 19–4901(b) (precluding assertion in a post-conviction action of any issue that was or could have been raised on direct appeal).

Third, a trial attorney's failure to object to inadmissible evidence or other potential errors may be done for legitimate strategic or tactical purposes. *See, e.g., Pratt v. State*, 134 Idaho 581, 584 n. 1, 6 P.3d 831, 834 n. 1 (2000). The record on direct appeal would rarely disclose this practical strategy, and it would be incorrect to grant relief to a defendant in such a circumstance.

Finally, the allowance of this type of claim for ineffective assistance of appellate counsel is ordinarily not necessary to protect a defendant's rights because the defendant can bring the same claim of impropriety in the trial proceedings as a claim of ineffective assistance of his *trial counsel* for failing to object to the alleged error in the trial court.

For all of the foregoing reasons, a rule allowing a post-conviction claim of ineffective assistance of appellate counsel for failing to raise an issue of fundamental error would be impractical, inefficient, and often disadvantageous to defendants whose interest would be better served by presenting such a claim in a post-conviction action asserting ineffective assistance of trial counsel. The district court therefore did not err in denying Mintun's claim that his appellate attorney was ineffective for failing to present a Confrontation Clause issue as a matter of fundamental error.

### 2. Constitutionality of I.C. § 18–1506(1)(b)

■ Three counts of Mintun's sexual abuse convictions were for violations of I.C. § 18–1506(1)(b). He asserts that his appellate counsel was ineffective for failing to challenge the constitutionality of this subsection on appeal. Specifically, he argues that the

statutory definition of "sexual contact," as used within that subsection, is unconstitutionally vague.[1] Mintun makes no claim of fundamental error here. Instead, Mintun asserts that this constitutional challenge was raised at his criminal proceedings and was therefore properly preserved for appeal.

The record shows, however, that this constitutional challenge was not preserved for appeal. Although there was a constitutional challenge presented by defense counsel in the trial court, it was directed at a different subsection of I.C. § 18–1506.[2] The three counts of sexual abuse for Mintun's acts of photographing the children touching and kissing each other were alleged in the original information as violations of I.C. § 18–1506(1)(c).[3] Defense counsel filed a motion to dismiss those counts on the ground that this statutory subsection was unconstitutionally vague and overbroad, relying upon *State v. Bonner*, 138 Idaho 254, 61 P.3d 611 (Ct. App.2002), where we struck down a subsection of a different statute, I.C. § 18–1508A(1)(d), containing language nearly identical to I.C. § 18–1506(1)(c). Following a hearing on this defense motion, the prosecution dismissed the original information without prejudice and filed a new complaint that no longer referred to I.C. § 18–1506(1)(c) and instead charged violations of I.C. § 18–1506(1)(b) for the acts of causing the boys to have sexual contact with each other while he photographed them. Mintun was then bound over on the amended complaint. In the district court, Mintun never challenged the constitutionality of I.C. § 18–1506(1)(b) in any way.

Under Idaho law, the constitutionality of a statute will not be addressed for the first time on appeal unless necessary for subsequent proceedings in the case. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991); *State v. Adams*, 138 Idaho 624, 67 P.3d 103 (Ct.App.2003). Here, that exception was inapplicable. Therefore, Mintun's appellate counsel cannot be held ineffective for failing to raise on direct appeal an issue that would not have been addressed by the appellate court.

### 3. Sufficiency of the evidence on the solicitation charge

Mintun last argues that his appointed appellate counsel was ineffective for failing to assert on appeal that the trial evidence was insufficient to support his conviction under Count IV of the information. This is a claim of error that could have been raised on Mintun's appeal. *See State v. Faught*, 127 Idaho 873, 877–78, 908 P.2d 566, 570–71 (1995). Therefore, we must examine the merits of this argument to determine whether Mintun's appellate counsel was deficient for failing to raise the issue and if so, whether Mintun was prejudiced thereby.

Count IV of the information alleged that on an occasion separate from that involved in the first three counts, Mintun solicited the ten-year-old boy to participate in a sexual act, in violation of I.C. § 18–1506(1)(a), by having the boy watch and photograph Mintun as Mintun masturbated. On appeal, Mintun argues that because the child was not asked to touch himself, touch another, or touch Mintun, there was no solicitation

---

1. In *State v. Oar*, 129 Idaho 337, 341, 924 P.2d 599, 603 (1996), the Supreme Court rejected an argument that a similar definition of "sexual contact" in a different statute, I.C. § 18–1508A, was unconstitutionally vague.

2. The pertinent portions of Idaho Code § 18–1506 provide:

 (1) It is a felony for any person eighteen (18) years of age or older, with the intent to gratify the lust, passions, or sexual desire of the actor, minor child or third party, to:

 . . . .

 (b) cause or have sexual contact with such minor child, not amounting to lewd conduct as defined in section 18–1508, Idaho Code, or

(c) make any photographic or electronic recording of such minor child.

 . . . .

 (3) For the purposes of this section "sexual contact" means any physical contact between such minor child and any person, which is caused by the actor, or the actor causing such minor child to have self contact.

3. The initial information does not expressly cite to subsection (1)(c), but the language of the charges clearly show that that was what was intended.

"to participate in a sexual act" within the meaning of the statute.

■■■■ We are constrained to agree. The pertinent portions of Idaho Code § 18–1506 provide:

(1) It is a felony for any person eighteen (18) years of age or older, with the intent to gratify the lust, passions, or sexual desire of the actor, minor child or third party, to:

(a) solicit a minor child under the age of sixteen (16) years to participate in a sexual act, or

. . . .

(2) For the purposes of this section "solicit" means any written, verbal, or physical act which is intended to communicate to such minor child the desire of the actor or third party to participate in a sexual act or participate in sexual foreplay, *by the means of sexual contact, photographing or observing such minor child engaged in sexual contact.*

(3) For the purposes of this section "sexual contact" means *any physical contact between such minor child and any person,* which is caused by the actor, *or the actor causing such minor child to have self contact.*

(Emphasis added.) When the definitions of "solicit" and "sexual contact" in subsections (2) and (3) are read together, it is apparent that a solicitation conviction for violation of section 18–1506(1)(a) requires proof that the defendant communicated a desire for the minor child to participate in a sexual act or foreplay involving physical contact between the minor child and another person or the minor's self-contact. As we stated in *State v. Harvey,* 142 Idaho 527, 535, 129 P.3d 1276, 1284 (Ct.App.2006), the phrase "by means of sexual contact" is "intended to further clarify the sexual conduct the solicitation must request." Thus, a request that a child submit to being photographed while the child is in engaged in physical contact with another or in self-contact is prohibited by the statute, but requesting that a child take photographs

of someone else engaged in such physical contact is not.

In *Harvey,* we held that the trial evidence satisfied the definition of solicitation. Harvey masturbated under a blanket within a female child's view, asked her whether she had had sex and when she intended to, asked her to lift up the blanket on his lap and, when she did, displayed his erect penis, and then reached toward her chest area, saying, "You don't wanna do anything? You don't wanna lift up your shirt or anything?" *Id.* We held that, taken as a whole, Harvey's sexual behavior and his sexually oriented questions and statements, together with his act of reaching for the child's chest and asking her to lift her shirt, were sufficient to show that he was soliciting her to participate in a sexual act.

The present case is significantly different. As Mintun points out, the evidence here shows that he expressed to the victim a desire only for the victim to take photographs while Mintun engaged in a sexual act. The child did not testify that Mintun conveyed any desire that the child touch himself or touch Mintun, nor was there any testimony that Mintun made any physical advances or gestures toward the child that would constitute a solicitation under terms of the statute. Therefore, Mintun's behavior charged in this count, although repugnant, is not prohibited by the statute in question.

■■■■ To hold otherwise would amount to a judicial amendment of the statutory definitions. It is not the province of the Court to change the plain meaning of words used by the legislature. *State v. Holden,* 126 Idaho 755, 761, 890 P.2d 341, 347 (Ct.App. 1995); *Barnes v. Hinton,* 103 Idaho 619, 620, 651 P.2d 553, 554 (Ct.App.1982). As our Supreme Court long ago said, "A court may not legislate nor by construction of a statute "enlarge the words to include other conduct of like, equal or greater atrocity, simply because it may be within the same mischief to be remedied, when it is not fairly included in the language of the act." " *In re Dampier,* 46 Idaho 195, 206, 267 P. 452, 455 (1928) (quoting C.S. § 8303).[4]

---

4. As Mintun has acknowledged, his behavior could have been charged as indecent exposure, I.C. § 18–4116.

It follows that the district court erred by denying relief on this post-conviction claim, for if this insufficiency of the evidence issue had been raised by appellate counsel in Mintun's direct appeal, the judgment of conviction on Count IV would have been reversed. Mintun has shown entitlement to have his conviction on Count IV vacated.

### III.

### CONCLUSION

The denial of Mintun's claim for post-conviction relief on the ground that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence to support his conviction on Count IV of the criminal information is reversed. Mintun has shown entitlement to an amendment of the judgment in the criminal case to vacate the judgment of conviction on Count IV. The district court's order denying post-conviction relief on all other claims is affirmed.

Chief Judge PERRY, and Judge GUTIERREZ concur.

