IN THE COURT OF APPEALS OF THE STATE OF IDAHO

**Docket No. 40811**

| | | |
|---|---|---|
| **CECIL G. DANIELS,** | ) | **2014 Opinion No. 22** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: March 26, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Carl B. Kerrick, District Judge.

Judgment denying petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett; Deborah Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.
_____

GRATTON, Judge

Cecil G. Daniels appeals from the district court's judgment denying his petition for post-conviction relief following an evidentiary hearing. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A police officer stopped Daniels' vehicle after witnessing the vehicle twice swerve over the left line. The officer smelled the odor of alcohol emitting from the vehicle, observed that Daniels' eyes were glassy and bloodshot, and observed that his speech was slurred. The officer performed a Horizontal Gaze Nystagmus test, which Daniels failed. Daniels refused to perform any other field sobriety tests and the officer placed him under arrest. Thereafter, the passenger of the vehicle informed the officer that Daniels hid marijuana under the driver's seat. The officer searched the vehicle and discovered a film canister containing marijuana and a beer can.

Daniels was charged with felony DUI, Idaho Code §§ 18-8004, 18-8005, possession of a controlled substance, I.C. § 37-2732(c)(3), driving without privileges, I.C. § 18-8001, providing

1

false information to law enforcement officers, I.C. § 18-5413, and possession of an open container of alcohol in a public place, COEUR D'ALENE CODE § 5.08.160A. Daniels filed a motion to suppress all seized evidence. The district court denied the motion. Daniels filed a motion to reconsider the denial of his suppression motion, which the district court also denied.

Daniels was convicted upon a jury verdict of DUI, driving without privileges, providing false information to law enforcement, and possession of an open container of alcohol in a public place. He was acquitted of possession of a controlled substance. The district court imposed a unified term of ten years with three years determinate for the DUI conviction, and terms of one hundred and eighty days in jail for the remaining convictions. Daniels filed an Idaho Criminal Rule 35 motion for reduction of the sentence, which the district court denied. Daniels appealed and this Court affirmed his judgment of conviction and sentence and the order denying his Rule 35 motion in *State v. Daniels*, Docket No. 37054 (Ct. App. Oct. 15, 2010) (unpublished).

Daniels filed a petition for post-conviction relief, asserting that he received ineffective assistance of trial and appellate counsel. The district court summarily dismissed Daniels' claim of ineffective assistance of trial counsel and held an evidentiary hearing regarding the claim of ineffective assistance of appellate counsel. Following the evidentiary hearing, the district court denied Daniels' petition for post-conviction relief. Daniels timely appeals.

## II.

## ANALYSIS

Daniels contends that appellate counsel provided ineffective assistance by failing to challenge the denial of his suppression motion on appeal. In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. Idaho Code § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. Idaho Rule of Civil Procedure 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free

review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). The right to effective assistance of counsel extends to the defendant's first appeal as a matter of right. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).

The facts pertinent to Daniels' petition for post-conviction relief center on his motion to suppress evidence. Prior to trial, Daniels filed a motion to suppress arguing that the traffic stop was unduly prolonged by police questioning that did not pertain directly to the stop, and that the warrantless search of his vehicle was not within an established exception to the warrant requirement. The district court found that the officer had reasonable suspicion to extend the traffic stop and to ask Daniels questions in order to verify whether he was driving under the influence. Additionally, the court found that the officer's search of the vehicle was a valid search incident to a lawful arrest as articulated by the United States Supreme Court in *New York v. Belton*, 453 U.S. 454, 460-61 (1981) ("[W]e hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile."), and adopted by the Idaho Supreme Court in *State v Charpentier*, 131 Idaho 649, 653, 962 P.2d 1033, 1037 (1998) ("The

3

disarray in results noted by the United States Supreme Court and the need for a clear rule understood by both the public and the police are compelling reasons to adopt the rule enunciated in *Belton* . . . ."). Accordingly, the district court denied Daniels' motion to suppress. Daniels filed a motion to reconsider the denial of his suppression motion, arguing that the district court should apply the rule articulated by the United States Supreme Court in *Arizona v. Gant*, 556 U.S. 332 (2009), which held that police may only search a vehicle incident to arrest when the arrestee is unsecured and within reaching distance of the passenger compartment of the vehicle, or when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle. *Id.* at 343. The district court denied Daniels' motion to reconsider. Daniels did not appeal any issues regarding his motion to suppress.

Daniels' petition for post-conviction relief asserted ineffective assistance of appellate counsel for failing to appeal the denial of his motion to suppress. The district court held an evidentiary hearing, wherein Daniels and his appellate counsel provided testimony. Daniels testified that he spoke with appellate counsel twice and requested that all the issues in his notice of appeal, including the issue of the denial of his motion to suppress, be raised in his appeal. He also testified that he did not know the suppression issue was not raised in his appeal until he was appointed counsel for his post-conviction proceedings. Appellate counsel testified that she sent Daniels two letters informing him of her contact information and encouraging him to contact her, but he did not contact her until after this Court issued its opinion. Additionally, appellate counsel testified that she did not challenge the suppression motion on appeal because she determined the challenge would not be successful as this Court's decision in *State v. Cantrell*, 149 Idaho 247, 233 P.3d 178 (Ct. App. 2010) allows police officers to conduct a search incident to arrest to look for evidence of DUI. *Id.* at 254, 233 P.3d at 185.

## A. Presumption of Prejudice

Daniels first argues that appellate counsel's deficiency in failing to argue the suppression issue on appeal amounted to a complete denial of appellate advocacy entitling him to a presumption of prejudice. In *United States v. Cronic*, 466 U.S. 648 (1984), the Supreme Court held that there are narrow circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified. *Id.* at 658; *Mintun v. State*, 144 Idaho 656, 660, 168 P.3d 40, 44 (Ct. App. 2007). The *Cronic* rule encompasses three situations where courts should presume that the defendant was prejudiced by the deficiency of counsel: (1) where

4

the presence of counsel is denied altogether at a critical stage; (2) where counsel entirely fails to subject the prosecution's case to meaningful adversarial testing; and (3) where counsel is called upon to render assistance under circumstances where competent counsel very likely could not. *Cronic*, 466 U.S. at 659-60; *Mintun*, 144 Idaho at 660, 168 P.3d at 44. When a defendant seeks a presumption of prejudice based on appellate counsel's failure to test the prosecutor's case, counsel's failure must be complete. *Bell v. Cone*, 535 U.S. 685, 696-97 (2002); *Mintun*, 144 Idaho at 660, 168 P.3d at 44.

The Supreme Court has stated that appellate counsel has no constitutional obligation to raise every nonfrivolous issue requested by an appellant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel is expected to use his or her professional training to examine the record and sort out weaker arguments in favor of central and key issues. *Id.* at 751-52. Indeed, raising every colorable issue in an appeal may bury the promising issues, resulting in a disservice to the goal of effective advocacy. *Id.* at 774.

Here, Daniels asserts that he received the equivalent of no appellate advocacy because his appellate counsel focused his appeal on his sentence rather than his suppression motion, and Daniels argues the sentencing issue was the weaker of the appealable issues. He further argues that deficiency and a presumption of prejudice exist because Idaho has no mechanism to allow an appellant to file a pro se brief to address issues not raised by appellate counsel.[1] We disagree.

Daniels was appointed counsel who reviewed his case, determined the issues to address on appeal, and filed a competent brief challenging Daniels' sentence. In *Mintun*, this Court was presented with similar facts and determined that because an adequate brief was filed, Mintun's situation was distinguishable from other cases that applied the *Cronic* presumption of prejudice. *Mintun*, 144 Idaho at 660-61, 168 P.3d at 44-45. Accordingly, this Court concluded that Mintun was not entitled to a presumption of prejudice. *Id.* at 661, 168 P.3d at 45. Following the

---

[1]    Daniels argues that *Jones v. Barnes*, 463 U.S. 745, 748 (1983), is distinguishable from the instant case because in *Jones*, in addition to appellate counsel's brief, the defendant was allowed to file a pro se brief raising claims that appellate counsel's brief omitted. Idaho has no appellate rule allowing a defendant to file a pro se brief in addition to appellate counsel's brief. Thus, Daniels claims that in Idaho, it should be a constitutional right to force counsel to raise all nonfrivolous issues on appeal. Although Daniels is correct that the appellant in *Jones* was able to file a pro se brief, we do not read the majority's opinion as requiring a mechanism to allow a pro se brief in addition to appellate counsel's brief or, alternatively, presume prejudice.

reasoning in *Mintun*, we conclude that in the instant case Daniels is not entitled, under *Cronic*, to a presumption of prejudice.

**B.      Ineffective Assistance of Appellate Counsel**

Daniels claims that appellate counsel's failure to raise the denial of his motion to suppress was deficient performance that was prejudicial. Specifically, Daniels asserts that appellate counsel's performance was deficient because a challenge to the motion to suppress would have been stronger than the challenge to his sentence. Additionally, Daniels argues appellate counsel's performance was prejudicial because had the suppression issue been presented, Daniels could have made a convincing argument that his DUI arrest was not sufficient to support a warrantless search.

"Notwithstanding *Barnes*, it is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon*, 114 Idaho at 760, 760 P.2d at 1176; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mintun*, 144 Idaho at 661, 168 P.3d at 45 (citing *Robbins*, 528 U.S. at 288).

Daniels failed to demonstrate that an appellate challenge to the denial of his motion to suppress was "clearly stronger" than the challenge to his sentence. Daniels asserts that the challenge to his sentence was "extremely weak" because the sentence was within the statutory limits and his past DUI record was extensive. Further, he argues that a suppression challenge would have been stronger because Idaho's jurisprudence on the issue, specifically the *Cantrell* decision's application of *Gant*, is inconsistent with some other state and federal cases interpreting *Gant*.

Notwithstanding other jurisdiction's interpretations of *Gant*, Idaho has held that a DUI arrest supplies the basis for a search of a vehicle under *Gant*. In *Cantrell*, police officers arrested the defendant for DUI and secured him inside a patrol car. Police officers searched Cantrell's vehicle and discovered a beer can and marijuana. Cantrell challenged the denial of his motion to suppress the evidence found in his vehicle on appeal. This Court determined that Cantrell's DUI arrest supplied the basis for police officers to search his vehicle for evidence of the DUI, and that

6

the search fit within the search incident to arrest exception articulated in *Gant*. *Cantrell*, 149 Idaho at 254, 233 P.3d at 185. The instant case is substantially similar to the facts of *Cantrell*. Here, Daniels was arrested for DUI, his vehicle was searched incident to the arrest, and police officers found evidence of the DUI in the form of a beer can and a canister with marijuana.[2] The search was appropriate under recent Idaho jurisprudence.[3] Thus, an appeal challenging the district court's denial of the motion to suppress would have been unsuccessful.

On the other hand, appellate counsel routinely files excessive sentence challenges and, while it may be that the standard of review makes it difficult to succeed on such a challenge, Idaho appellate courts have, on several occasions, granted sentencing relief. Although Daniels argues in his brief that the challenge to his sentence was "extremely weak" due to his past criminal record, Daniels has failed to articulate to this Court how the specific arguments made by his appellate counsel in his appeal were "weak." Accordingly, we cannot say that a challenge to Daniels' motion to suppress would have been "clearly stronger" than the challenge to his sentence. Moreover, we will not second-guess appellate counsel's strategic decision to pursue Daniels' excessive sentence challenge rather than to pursue an unsuccessful challenge to the suppression motion.

Finally, Daniels is unable to demonstrate that he was prejudiced by his appellate counsel's failure to challenge his suppression motion. To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. As discussed above, the search of Daniels' vehicle was a valid search incident to arrest under *Cantrell*. An appeal of the motion to suppress would not have changed the outcome. Additionally, Daniels has failed to identify what evidence he was seeking to suppress and has not articulated how the failure to suppress that evidence was prejudicial to the outcome of his proceedings. Thus, Daniels is unable to establish prejudice.

---

[2] Additionally, the passenger of the vehicle informed the officer that Daniels hid marijuana under the driver's seat prior to the officer's search of the vehicle.

[3] We note that *Cantrell* was issued in March 2010 and our opinion on Daniels' underlying appeal was issued in October 2010.

### III.

### CONCLUSION

Daniels has failed to demonstrate reversible error. Accordingly, the district court's judgment denying Daniels' petition for post-conviction relief is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**