**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41415**

| | | |
|---|---|---|
| **ROBERT ERVIN PETERSON,** | ) | **2015 Unpublished Opinion No. 457** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: April 8, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Stephen D. Thompson, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent. Russell J. Spencer argued.

_____

GUTIERREZ, Judge

Robert Ervin Peterson appeals from the judgment of the district court summarily dismissing his petition for post-conviction relief. Underlying this post-conviction appeal, Peterson pled guilty to four counts of possession of sexually exploitative material. We affirmed his judgment of conviction, his sentences, and the denial of an Idaho Criminal Rule 35 motion in *State v. Peterson*, Docket No. 33848 (Ct. App. Nov. 16, 2007) (per curiam) (unpublished).

Subsequently, Peterson filed a pro se petition for post-conviction relief and moved for the appointment of counsel. After the court appointed counsel for Peterson and the State filed an answer, the matter proceeded to an evidentiary hearing. Following the evidentiary hearing, the district court entered an order permitting counsel to submit closing briefs before the court took the matter under advisement. The State filed a brief in support of denying the petition for post-conviction relief, but it also filed a motion for summary dismissal. Peterson filed a late closing brief, which the district court did not consider. The district court then entered an order

1

summarily dismissing the petition. Peterson filed what he entitled an Idaho Rule of Civil Procedure 59 motion to alter or amend the judgment, although asking the district court to reconsider its order.[1] The district court denied this motion and entered a judgment dismissing the petition; Peterson appeals.

On appeal, Peterson argues that the district court erred by summarily dismissing his petition without entering findings of fact and conclusions of law after the evidentiary hearing, citing I.R.C.P. 52(a) (requiring a trial court, after trying an action without a jury, to "find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment"). Peterson also contends that the motion for summary dismissal, which was filed after the evidentiary hearing, was untimely and should not have been relied upon as a basis for summary dismissal. However, Peterson did not object to the lack of findings of fact or conclusions of law below. *See* I.R.C.P. 52(b) ("No party may assign as error the lack of findings unless the party raised such issue to the trial court by an appropriate motion."). Nor did Peterson object to the timeliness of the motion for summary dismissal.

As a general rule, an appellate court will not address an issue that was not preserved for appeal through an objection in the trial court, *Mintun v. State*, 144 Idaho 656, 661, 168 P.3d 40, 45 (Ct. App. 2007), or through an adverse ruling in the trial court, *Idaho Power Co. v. Idaho Dep't of Water Res.*, 151 Idaho 266, 279, 255 P.3d 1152, 1165 (2011). *See also Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991) (explaining that, generally, issues not raised below may not be considered for the first time on appeal). In *Puckett v. United States*, 556 U.S. 129 (2009), the United States Supreme Court explained why appellate courts will not, generally, consider errors not preserved in the trial court:

> This limitation on appellate-court authority serves to induce the timely raising of claims and objections, which gives the district court the opportunity to consider and resolve them. That court is ordinarily in the best position to determine the relevant facts and adjudicate the dispute. In the case of an actual or invited procedural error, the district court can often correct or avoid the mistake so that it cannot possibly affect the ultimate outcome. And of course the contemporaneous-objection rule prevents a litigant from "sandbagging" the

---

[1] In effect, Peterson filed a motion for reconsideration. At the time that Peterson filed his Idaho Rule of Civil Procedure 59 motion, it was premature because there was no judgment yet filed. Peterson did not object to the lack of findings of fact and conclusions of law or the timeliness of summary dismissal in the motion for reconsideration.

2

court--remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor.

*Id.* at 134; *accord State v. Perry*, 150 Idaho 209, 224, 245 P.3d 961, 976 (2010). Therefore, we will not consider the issues raised by Peterson on appeal. Accordingly, the judgment of the district court summarily dismissing Peterson's petition for post-conviction relief is affirmed.

Judge GRATTON **CONCURS**.

Judge Pro Tem SCHWARTZMAN **DISSENTING**

While I am fully aware that any remand to the trial judge for findings of fact and conclusions of law would be an exercise in futility as far as Peterson's ultimate objective is concerned, it would at least serve the twin legal goals of (1) requiring the district court to comply with the requirements of Idaho Code § 19-4907(a), to-wit, "The court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented"; and (2) allowing Peterson to appeal from this "final judgment" and obtain an appellate decision on the merits. As the case now stands, Peterson is deprived of both statutory rights.

Approximately sixty days after the conclusion of the evidentiary hearing, the State filed its closing brief along with a motion for summary dismissal. In its brief on appeal, the State euphemistically refers to this procedural gambit as "unorthodox." The closest I have been able to come in locating anything similarly unorthodox appears in footnote 1 of *Woodward v. State*, 142 Idaho 98, 102, 123 P.3d 1254, 1258 (Ct. App. 2005). Therein we noted and corrected the misimpression or mischaracterization of the proceedings as an appeal from a "summary dismissal."

The State argues that the issue of the district court's failure to make specific findings and conclusions has not been preserved for appeal. I disagree. After the court issued its summary dismissal, Peterson filed a motion to alter or amend judgment pursuant to I.R.C.P. 59 along with a memorandum of points and authorities in support of the motion to reconsider. While admittedly the major focus of this motion centered around trial counsel's failure to provide a timely closing brief, it is certainly broad enough to be read as requesting a decision on the merits. Specifically, Peterson points out that he provided "several legal bases for relief." The motion continues:

> Of particular importance, petitioner's claims that he did not enter a knowing and voluntary plea, that he was not advised of his right not to participate in a psychosexual evaluation prior to sentencing, that his counsel was ineffective . . .

3

are all issues which deserve attention. . . . [A]nd thus the only avenue for petitioner to follow to obtain relief is the post-conviction process.

As noted in *Woodward*, 142 Idaho at 107, 123 P.3d at 1263, the "better practice" would be for a petitioner to raise the issue in a motion for reconsideration, which is exactly what Peterson did here.

The district court's order summarily dismissing the petition for post-conviction relief fails to specifically discuss or analyze any of the material evidentiary allegations raised in the pleadings and motion for reconsideration. Compounding this problem, the trial judge subsequently stated in its order denying Peterson's motion to alter or amend that its original decision "was reached following a review of the Petition for Post Conviction Relief, *the evidentiary hearing*, and the record." (Emphasis added.) Thus, the court acknowledged that its decision was partially based on the facts presented at the evidentiary hearing. As a result, the court's order could not be a summary dismissal as a matter of law. Accordingly, we can address this issue on appeal, regardless of whether it was specifically preserved or raised below, because it presents a question of law determinable from the record. *See id.*

Despite its name, the district court's summary dismissal order was, in effect, an order dismissing Peterson's petition following an evidentiary hearing, so findings of fact and conclusions of law were required. Moreover, many of the issues raised require credibility determinations between conflicting testimony given at the hearing. Therefore, the decision of the trial court should be vacated and the case remanded for entry of a decision on the merits that includes specific findings of fact and conclusions of law based upon the evidence introduced at the hearing.

Accordingly, I respectfully dissent.