**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43996**

| | | |
|---|---|---|
| **MICHAEL ROWE RUSSO,** | ) | **2016 Unpublished Opinion No. 795** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: November 29, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Christopher S. Nye, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Greg S. Silvey, Eagle, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Michael Rowe Russo appeals from the district court's judgment summarily dismissing Russo's petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Russo was charged with rape, kidnapping, and burglary. At trial, the State introduced a video taken from Russo's cell phone that allegedly depicted Russo in the process of raping a woman. The video showed a close-up view of a condom-covered penis penetrating a vagina. An officer testified that the police had shown the video to the victim during the course of the investigation, and the victim testified that she had identified herself in that video. The State also elicited testimony from the victim's doctor (an OB/GYN) relating to the victim's anatomy and the anatomy of the female depicted in the video found in Russo's cell phone. Based on

1

identifiable anatomical characteristics, the victim's doctor concluded beyond a degree of medical certainty that the pelvic area in the video belonged to the victim. Russo objected, arguing that the victim's doctor was not qualified to offer such opinion testimony. The trial court overruled Russo's objection. Russo testified that the video on his cell phone was of himself and a different woman whom he had met that same night. A jury found Russo guilty of rape, I.C. § 18-6101; kidnapping, I.C. § 18-4501; and burglary, I.C. § 18-1401. The district court sentenced Russo to a determinate life term for rape; a concurrent indeterminate life term, with a minimum period of confinement of forty years, for kidnapping; and a concurrent determinate term of ten years for burglary.

On direct appeal, the Idaho Supreme Court affirmed Russo's judgment of conviction. *State v. Russo*, 157 Idaho 299, 336 P.3d 232 (2014). Russo filed a petition for post-conviction relief, alleging multiple claims of ineffective assistance of counsel. Russo alleged that his trial counsel was ineffective for failing to file a motion in limine to exclude expert testimony from the victim's doctor as to the identification of the female in the video and a motion to dismiss for lack of sufficient evidence to support the State's allegation that the female in the video was the victim. Russo also claimed his appellate counsel was ineffective for failing to challenge the trial court's ruling allowing the doctor's identification testimony. The State moved for summary dismissal of Russo's petition, which the district court granted. Russo filed a motion for reconsideration of the district court's order summarily dismissing his petition, which the district court denied. Russo appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short

and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be

3

appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

## III.

## ANALYSIS

**A.    Trial Counsel**

Russo alleges that the district court erred in summarily dismissing his claim that his trial counsel was ineffective for failing to file a motion in limine to exclude expert testimony and failing to file a motion to dismiss. In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17.

Russo alleges his trial counsel was ineffective for failing to file a motion in limine to exclude expert testimony from the victim's doctor relating to the identity of the female in the video found on Russo's cell phone. Russo argues that the trial court, in a pretrial hearing, regarded the victim's doctor as primarily a fact witness for the purposes of trial, and thus Russo's trial counsel should have filed a motion in limine to exclude expert testimony from the victim's doctor as to the identification of the female in the video at trial. Russo concludes that, had his trial counsel properly excluded such testimony prior to trial, the State would not have been allowed to present the doctor's prejudicial identification testimony and Russo would not have been found guilty. Even assuming the accuracy of Russo's allegation, his claim failed to allege on what basis the expert testimony of the victim's doctor would have been excluded. Russo's claim is impermissibly conclusory. Consequently, Russo has failed to show that the district court erred in summarily dismissing his claim that his trial counsel was ineffective for failing to file a motion in limine to exclude expert testimony from being offered by the victim's doctor.

Russo also alleges that the district court erred in summarily dismissing his claim that his trial counsel was ineffective for failing to file a motion to dismiss based upon the insufficiency of evidence. Specifically, Russo seems to contend that the testimony of the victim's doctor was inconclusive, and the State failed to produce a proper identification to support its allegation that the victim was the female depicted in the video found on Russo's cell phone. Consequently,

5

Russo claims that his trial counsel should have filed a motion to dismiss. Finally, Russo asserts that, had trial counsel filed such a motion based on the insufficiency of the evidence and the resulting unfair prejudice, Russo's motion to dismiss likely would have been successful. The district court summarily dismissed Russo's claim, finding that the motion would have been unsuccessful because there was sufficient evidence to support the State's allegation.

The record indicates the video on Russo's cell phone did not show either person's face but depicted a close-up view of a condom-covered penis penetrating a vagina. Police testimony indicated that the video file data stored in the cell phone was consistent with the date and approximate time of the rape. The victim testified that her attacker had worn a condom, used a cell phone to take pictures during the attack, and had previously identified herself in the video based on her familiarity with her own pelvic area. The State also elicited testimony from the victim's doctor relating to the victim's anatomy, pictures of the victim's anatomy taken the night of the attack, and the female's anatomy depicted in the video found in Russo's cell phone. The victim's doctor then concluded that the female depicted in the video was the victim based on identified characteristics.

Based on the record in this case, there was sufficient evidence for the jury to find that the victim was the female depicted in the video found on Russo's cell phone. Therefore, the district court did not err in finding that a motion to dismiss for insufficiency of this evidence would have been unsuccessful. Consequently, Russo has failed to show that the district court erred in summarily dismissing his claim that his trial counsel was ineffective by failing to file a motion to dismiss.

B.     **Appellate Counsel**

Russo alleges that the district court erred in dismissing his ineffective assistance of appellate counsel claim for failing to bring a meritorious claim on direct appeal. The right to effective assistance of counsel extends to the defendant's first appeal as a matter of right. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *see also Aragon*, 114 Idaho at 765, 760 P.2d at 1181. An indigent defendant does not have a constitutional right to compel appointed appellate counsel to press all nonfrivolous arguments that the defendant wishes to pursue. *Jones v. Barnes*, 463 U.S. 745, 751 (1983); *Mintun v. State*, 144 Idaho 656, 661, 168 P.3d 40, 45 (Ct. App. 2007). Rather, the process of winnowing out weaker arguments on appeal and focusing on those more likely to

prevail, far from being the evidence of incompetence, is the hallmark of effective appellate advocacy. *Smith v. Murray*, 477 U.S. 527, 536 (1986); *Mintun*, 144 Idaho at 661, 168 P.3d at 45. Indeed, it is difficult to demonstrate that counsel was incompetent based on failure to raise a particular claim on appeal. *Smith v. Robbins*, 528 U.S. 259, 288 (2000). Only when ignored issues are clearly stronger than those presented will the strong presumption of effective assistance of counsel be overcome. *Id.*

In his petition, Russo alleged his appellate counsel should have appealed the trial court's ruling allowing the victim's doctor to testify as an expert identifying the victim in the video found on Russo's cell phone over trial counsel's objection that the doctor was not qualified to render such an opinion. The district court summarily dismissed Russo's claim, finding that Russo failed to set forth any cogent reason why this issue was stronger than those appellate counsel asserted on direct appeal. On appeal, Russo claims it was improper when the testimony of the victim's doctor shifted from being that of a fact-witness to that of an expert but cites no authority to support the contention. Russo also asserts that the issue was meritorious given the trial court's previous rulings regarding the doctor's testimony as being a fact witness. In support, Russo states that, "if this was a meritorious issue then it is necessarily stronger than the ones raised which were all rejected by the [Idaho] Supreme Court when it affirmed [Russo's] conviction." Such an assertion is conclusory and fails to demonstrate why this issue was stronger than the issues which were raised on direct appeal. Furthermore, there is no reason to assume that, because Russo's issues raised on appeal were unsuccessful, other issues must have been meritorious. Moreover, even presuming the issue was meritorious, Russo has failed to show that the doctor's testimony was legally impermissible requiring the trial court to sustain trial counsel's objection, much less that such an argument would have prevailed on direct appeal had appellate counsel raised the issue. Russo's conclusory allegations are insufficient to overcome the strong presumption of effective assistance of appellate counsel. Accordingly, Russo has failed to show that the district court erred in summarily dismissing this claim.

## IV.

## CONCLUSION

Russo has failed to show that his trial counsel was ineffective for failing to file a motion in limine to exclude expert testimony and a motion to dismiss. Russo has also failed to show that

7

his appellate counsel was ineffective for failing to challenge the trial court's ruling allowing the victim's doctor to offer opinion testimony. Accordingly, the district court's judgment summarily dismissing Russo's petition for post-conviction relief is affirmed. Costs are awarded to respondent on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.